MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
JORDAN E. JOHNSON, SBN 324051
  jjohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

HELEN AVUNJIAN, SBN 300284
  havunjian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendants
GOLDEN STATE FC LLC (now known as
Amazon.com Services LLC), AMAZON.COM
SERVICES LLC, and AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER GUERRERO, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>GOLDEN STATE FC, LLC, (NKA AMAZON.COM SERVICES, LLC), AMAZON.COM SERVICES, LLC, AMAZON.COM, INC., AND DOES 1-50, INCLUSIVE,<br><br>            Defendants. | CASE NO.   3:22-cv-01161<br><br>**DEFENDANTS GOLDEN STATE FC LLC (NOW KNOWN AS AMAZON.COM SERVICES LLC), AMAZON.COM SERVICES LLC, AND AMAZON.COM, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(San Francisco Superior Court Case No. CGC-21-597377)<br><br>Action Filed:   December 30, 2021<br>Trial Date:      None Set |

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL ........................................................................................... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ............................... 1

    A. The Proposed Class Consists of More than 100 Members ........................................... 3

    B. Amazon and Plaintiff Are Not Citizens of the Same State ........................................... 4

    C. The Amount In Controversy Exceeds $5 Million ......................................................... 5

        1. Plaintiff's Reimbursement Allegations Alone Place More Than $4.6 Million in Controversy ....................................................................................... 7

        2. Plaintiff's Request for Attorneys' Fees Places an Additional $1.1 Million in Controversy ..................................................................................... 10

        3. Amazon Has Satisfied Its Burden Under CAFA and No Exception Is Applicable ................................................................................................... 12

III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER ............................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Starbucks Corp.*,
  2020 WL 7779015 (N.D. Cal. Dec. 31, 2020) ................................................................. 8, 9, 10, 11

*Anderson v. State Farm Mut. Auto. Ins. Co.*,
  917 F.3d 1126 (9th Cir. 2019) ........................................................................................................ 1

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ........................................................................................... 3, 6, 7, 11

*Arrington v. Optimum Healthcare IT, LLC*,
  2018 WL 5631625 (E.D. Pa. Oct. 31, 2018) ................................................................................ 11

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) .............................................................................. 4, 5

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ................................................................................................... 6

*Castro v. ABM Indus., Inc.*,
  2017 WL 4682816 (N.D. Cal. Oct. 19, 2017) ............................................................................ 3, 9

*Cavada v. Inter-Cont'l Hotels Grp., Inc.*,
  2019 WL 5677846 (S.D. Cal. Nov. 1, 2019) ................................................................................. 8

*Cochran v. Schwan's Home Serv., Inc.*,
  228 Cal. App. 4th 1137 (2014) ...................................................................................................... 8

*Dart Cherokee Basin Op. Co. v. Owens*,
  574 U.S. 81 (2014) ............................................................................................................... 6, 7, 8

*Gurzenski v. Delta Air Lines, Inc.*,
  2021 WL 5299240 (C.D. Cal. Nov. 12, 2021) ............................................................................... 8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................................................... 11

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ......................................................................................................................... 5

*Hopson v. Hanesbrands Inc.*,
  2008 WL 3385452 (N.D. Cal. Aug. 8, 2008) .............................................................................. 11

*Ibarra v. Manheim Invs., Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ........................................................................................................ 3

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ................................................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................................................. 4

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) .................................................................................... 6

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................................... 6

*LaCross v. Knight Transp. Inc.*,
   775 F.3d 1200 (9th Cir. 2015) ................................................................................................. 6

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ................................................................................................... 6

*Lucas v. Kors*,
   2018 WL 2146403 (C.D. Cal. May 9, 2018) ......................................................................... 11

*Rippee v. Boston Mkt. Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ..................................................................................... 6

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) ........................................................................................... 6, 7, 8

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007) ............................................................................................... 12

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ................................................................................................................ 6

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ................................................................................................... 5

*Tijero v. Aaron Brothers, Inc.*,
   2013 WL 60464 (N.D. Cal. Jan. 2, 2013) ............................................................................. 11

*Vallejo v. Sterigenics U.S., LLC*,
   2021 WL 2685348 (S.D. Cal. June 29, 2021) .................................................................. 8, 11

*Young v. Polo Retail, LLC*,
   2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ........................................................................ 11

Gibson, Dunn & Crutcher LLP

iii
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION

# TABLE OF AUTHORITIES
(continued)

Page(s)

**STATUTES**

28 U.S.C. § 84(a) ........................................................................................................................13

28 U.S.C. § 1332(c)(1) ..................................................................................................................5

28 U.S.C. § 1332(d) ................................................................................................2, 3, 4, 5, 6, 13

28 U.S.C. § 1441 ................................................................................................................1, 3, 13

28 U.S.C. § 1446 .....................................................................................................................1, 13

28 U.S.C. § 1453 .....................................................................................................................1, 13

Bus. & Prof. Code §§ 17200, *et seq.* ............................................................................................9

Cal. Code of Civ. Proc. § 338(a) ...................................................................................................9

Cal. Code of Civ. Proc. § 382 .......................................................................................................2

Cal. Code of Civ. Proc. § 1021.5 ................................................................................................10

Cal. Lab. Code § 2802 ..........................................................................................7, 8, 9, 10, 11, 12

Class Action Fairness Act of 2005 ......................................................................................  *passim*

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JENNIFER GUERRERO AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendants Golden State FC LLC (now known as Amazon.com Services LLC), Amazon.com Services LLC, and Amazon.com, Inc. (together, "Amazon") hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC-21-597377 in San Francisco County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Jennifer Guerrero ("Plaintiff") filed a putative Class Action Complaint against Amazon in San Francisco County Superior Court, State of California, Case No. CGC-21-597377, on December 30, 2021. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice to Plaintiff, (e) Proof of Service of Summons on Amazon, and (f) Court Order Denying Complex Designation For Failure to File Application Requesting Designation are attached as Exhibits A–F to the Declaration of Megan Cooney ("Cooney Decl.") filed concurrently with this notice.

2. According to the proofs of service filed by Plaintiff with the San Francisco Superior Court, Plaintiff personally served Amazon.com Services LLC, Amazon.com, Inc., and Golden State FC LLC[1] through their registered agents for service of process on January 26, 2022. *See* Cooney Decl., Ex. E. Consequently, service was completed on January 26, 2022. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper under 28 U.S.C. §§ 1441 and 1453 because this Court has subject

---

[1] Effective January 1, 2019, Golden State FC LLC merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc. *See* Amazon's Certificate of Interested Entities, concurrently filed with this Notice. Effective December 30, 2019, Amazon.com Services, Inc. changed its name to Amazon.com Services LLC. *See id.*

matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure section 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Cooney Decl., Ex. B, Compl. ¶ 14.

5. Plaintiff asks the Court for "[a]n order that the action be certified as a class action." *See* Cooney Decl., Ex. B, Compl., Prayer for Relief. She seeks to represent various classes, including (1) "[a]ll persons employed by [Amazon] and/or any staffing agencies and/or any other third parties as shift assistants in hourly or non-exempt positions in California" within "four years prior to the filing of this action" ("Hourly Employee Class"); (2) "[a]ll Hourly Employee Class members employed by [Amazon] in California" within "four years prior to the filing of this action" ("UCL Class"); and (3) "[a]ll persons employed by [Amazon] in California who incurred business expenses" within "four years prior to the filing of this action" ("Expense Reimbursement Class"). *Id.*, Compl. ¶ 15.

6. Plaintiff also seeks to represent various sub-classes, including (1) "[a]ll Hourly Employee Class members who worked in a shift in excess of five hours" within "four years prior to the filing of this action"; (2) "[a]ll Hourly Employee Class members who worked a shift of at least three and one-half (3.5) hours" within "four years prior to the filing of this action"; (3) "[a]ll Hourly Employee Class members employed by [Amazon] in California during the period beginning one year before the filing of this action and ending when final judgment is entered"; and (4) "[a]ll Hourly Employee Class members who separated from their employment with [Amazon] during the period beginning three years before the filing of this action and ending when final judgment is entered." *Id.*

7. In her Complaint, Plaintiff alleges seven causes of action against Amazon: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Hourly Wages; (4) Failure to Provide Wages Upon Separation of Employment; (5) Failure to Indemnify; (6) Failure to Provide Accurate Wage Statements; and (7) Violations of Unfair Competition Law.

8. Among other things, Plaintiff alleges that putative class members are entitled to unpaid

wages, premiums for missed meal periods and rest breaks, unreimbursed expenses, statutory penalties for late payment of wages and inaccurate wage statements, interest, and attorneys' fees and costs. *See* Cooney Decl., Ex. B, Compl., Prayer for Relief.

9. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

10. Amazon denies any liability in this case, both as to Plaintiff's individual claims and as to her putative class claims. Further, Amazon expressly reserves all rights to oppose class certification and contest the merits of all claims asserted in the Complaint. However, for purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d).

A.  **The Proposed Class Consists of More than 100 Members**

11. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

12. One of Plaintiff's proposed classes—the Expense Reimbursement Class—includes "[a]ll persons employed by [Amazon] in California who incurred business expenses" within "four years prior to the filing of this action." Cooney Decl., Ex. B, Compl. ¶ 15.

13. It is well established that Amazon does *not* need to "prove it actually violated the law" to establish this Court's jurisdiction under CAFA. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Thus, Amazon need not identify precisely how many employees Plaintiff contends were not reimbursed for business expenses. Instead, Amazon need only show that the assumptions it makes for purposes of demonstrating federal jurisdiction are reasonable. *Id.* at 925 ("[A] removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions' . . . founded on the allegations of the complaint." (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015))); *see also Castro v. ABM Indus., Inc.*, 2017 WL 4682816, at *4–5 (N.D. Cal. Oct. 19, 2017) (allegations of "regular[]" and "common" practices supported an assumption that plaintiffs incurred at

least one reimbursable cell phone expense for each month worked).

14. Here, Plaintiff's proposed putative Expense Reimbursement Class spans the "four years prior to the filing of this action" through the date judgment is entered and purports to include all of Amazon's California employees who allegedly incurred business expenses—which broadly includes non-exempt employees throughout California, regardless of job title. Cooney Decl., Ex. B, Compl. ¶ 15. Thus, the alleged putative class includes all of Amazon's California employees from December 30, 2017 through the present. Plaintiff alleges that she was a "Shift Assistant" at Amazon's South San Francisco Delivery Station, and according to Amazon's business records, Plaintiff worked as an hourly, non-exempt employee. Declaration of Denicia "JP" Prather ("Prather Decl.") ¶ 3(a); Cooney Decl., Ex. B, Compl. ¶ 23. According to Amazon's records, at least 74,280 individuals worked as hourly, non-exempt employees across Amazon's Delivery Stations in California from December 30, 2017 to December 30, 2021. Prather Decl. ¶ 3(c).

15. Thus, based on Plaintiff's allegations, there are *at least* 74,280 putative class members, which is a conservative (and underinclusive) estimate because it (a) takes the entire universe of job titles held by Amazon employees in California—which Plaintiff purports to represent (Cooney Decl., Ex. B, Compl. ¶ 15)—and filters it down to just non-exempt employees who worked at Amazon's Delivery Stations in California and (b) excludes all Amazon employees in California who have been hired since December 30, 2021. Thus, the putative class contains substantially more than 100 class members.

16. Accordingly, while Amazon denies that class treatment is permissible or appropriate, the proposed class satisfies CAFA's requirement that it consists of more than 100 members.

**B.   Amazon and Plaintiff Are Not Citizens of the Same State**

17. This Court has original jurisdiction under CAFA's minimum diversity of citizenship requirement when the plaintiff or any member of the putative class is a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

18. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing

*State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that she "resides and was employed by [Amazon] in the State of California." Cooney Decl., Ex. B, Compl. ¶ 6. Plaintiff is therefore considered a citizen of California for purposes of removal under CAFA. *See Ayala*, 2016 WL 6561284, at *4.

19. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Effective January 1, 2019, Golden State FC LLC merged with Amazon.com Services, Inc. and retained the name Amazon.com Services, Inc. Declaration of Zane Brown ("Brown Decl.") ¶ 2. Effective December 30, 2019, Amazon.com Services, Inc. changed its name to Amazon.com Services LLC. *Id.* Amazon.com Services LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Seattle, Washington. *Id.* Amazon.com Services LLC's only member is Amazon.com Sales, Inc., which is wholly owned by Amazon.com, Inc. *Id.* ¶ 3. Amazon.com Sales, Inc. and Amazon.com, Inc. are incorporated in Delaware and each have their principal places of business in Seattle, Washington. *Id.*

20. The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. section 1332(c)(1) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). These entities' headquarters, which are located in Washington, constitute their "nerve center[s]" under the test adopted in *Hertz* because their high-level officers oversee each corporation's activities from that state. *See* Brown Decl. ¶ 3. As such, Amazon.com Services LLC and Amazon.com, Inc. are citizens of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

21. Accordingly, Plaintiff and Amazon are citizens of different states, and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount In Controversy Exceeds $5 Million**

22. CAFA requires that the amount in controversy in a class action exceed $5 million,

exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  In calculating the amount in controversy, a court must aggregate the claims of all individual class members.  *Id.* § 1332(d)(6).

23. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014).  To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions."  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–02  (9th Cir. 2015).  "An assumption may be reasonable if it is founded on the allegations of the complaint."  *Arias*, 936 F.3d at 925; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (internal quotation marks and citation omitted)).  That is because "[t]he amount in controversy is simply an estimate of the total amount in disputes, *not a prospective assessment of defendant's liability*."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee*, 574 U.S. at 87.  Importantly, plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court."  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

24. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

25. As Amazon will demonstrate below, the amount in controversy exceeds $5.7 million, and therefore is well in excess of $5 million.  Thus, although Amazon denies that Plaintiff's claims

have any merit, including that Plaintiff's Complaint alleges facts sufficient to state a claim for expense reimbursement under section 2802, Amazon avers, for the purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on her expense reimbursement claim alone, the requested monetary recovery would exceed $5 million, inclusive of attorneys' fees.

  **1.** **Plaintiff's Reimbursement Allegations Alone Place More Than $4.6 Million in Controversy**

  26. Amazon reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (internal quotation marks omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924. But for present purposes, it is sufficient to note that Plaintiff's claim regarding unpaid reimbursements alone places nearly $5 million in controversy.

  27. California Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Lab. Code § 2802(a). For this provision, "the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by this section." *Id.* § 2802(c).

  28. Plaintiff alleges that Amazon required her and putative class members "to utilize their own personal cell phones to perform their job duties," but that "[Amazon] failed to properly reimburse Plaintiff and the putative class for such necessary business expenses incurred by them in the use of their personal cell phones." Cooney Decl., Ex. B, Compl. ¶ 29. Specifically, Plaintiff alleges that Amazon required her and similarly situated employees to "routinely use[] their personal cell phones to

Gibson, Dunn & Crutcher LLP

7
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION

look up pertinent work information and communicate regarding work related tasks." *Id.*

29. Based on these allegations, it is reasonable to assume that Plaintiff will contend that Amazon failed to reimburse the putative class for cell phone expenses of at least $10 per month per employee, for each month in which they were employed with Amazon.

30. ***First***, it is reasonable to assume that Plaintiff will contend that a monthly reimbursement in the amount of at least $10 was owed to each putative class member. While Amazon does not agree that any monthly reimbursement was owed, district courts have routinely accepted even higher assumptions—including up to $50 per month—to be reasonable in light of similar section 2802 allegations involving cell phone use. *See, e.g.*, *Cavada v. Inter-Cont'l Hotels Grp., Inc.*, 2019 WL 5677846, at *7 (S.D. Cal. Nov. 1, 2019) ($20 per month was a "reasonable assumption" for purposes of CAFA's amount in controversy requirement); *Anderson v. Starbucks Corp.*, 2020 WL 7779015, at *3–4 (N.D. Cal. Dec. 31, 2020) (finding alternative assumptions of $50 per month or $32.50 per month plus the cost of a phone reasonable under CAFA); *Gurzenski v. Delta Air Lines, Inc.*, 2021 WL 5299240, at *4 (C.D. Cal. Nov. 12, 2021) (finding an assumption of 50% of an assumed monthly cell phone bill of $76, i.e. $38 per month, reasonable under CAFA); *Vallejo v. Sterigenics U.S., LLC*, 2021 WL 2685348, at *6 (S.D. Cal. June 29, 2021) (finding an assumption of $25 per month reasonable under CAFA). Thus, although Amazon contends that Plaintiff's claims lack merit, it is reasonable for Amazon to assume that Plaintiff's allegations put at least $10 per month per putative class member in controversy. To the extent that Plaintiff challenges this amount, Amazon reserves all rights to put on evidence in support of it or any other amount according to proof. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964.

31. ***Second***, it is reasonable to assume that Plaintiff will seek monthly reimbursements for each class member for each month worked. Plaintiff alleges that Amazon "required" employees to use "their own personal cell phones to perform their job duties," Cooney Decl., Ex. B, Compl. ¶ 29, and California courts have explained that if an employee is *required* to use a personal cell phone for "work"—as Plaintiff alleges here—an employer must "pay some reasonable percentage" of the employee's cell phone bill. *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1144 (2014) (holding that "reimbursement is always required" for "mandatory use of a personal cell phone").

Thus, while Amazon denies that Plaintiff's claims have any merit, Plaintiff's allegation that Amazon "required" employees to use "their own personal cell phones to perform their job duties" supports an assumption that Plaintiff will seek to recover a reasonable percentage of each class member's cell phone bill for each month in which they worked, which allegedly spans the "four years prior to the filing" of the Complaint.[2]  Cooney Decl., Ex. B, Compl. ¶ 15, 29.

32.  **Third**, based on Plaintiff's allegations, it is reasonable to assume she purports to, at a minimum, represent "[a]ll persons employed by [Amazon] in California who incurred business expenses," including non-exempt associates who worked at Delivery Stations.  *Id.* ¶ 15.  Plaintiff alleges that Amazon "maintained a policy or practice of not reimbursing [her] and [the putative class] members for all necessary business expenses."  *Id.* ¶ 90.  And Plaintiff also alleges that putative class members, which includes all of Amazon's California employees (*Id.* ¶ 15), were required to "use[] their personal cell phones to look up pertinent work information and communicate regarding work related tasks."  *Id.* ¶ 29.  Thus, at a minimum, Plaintiff is alleging that all non-exempt Amazon employees at Delivery Stations, including the South San Francisco facility where she worked, were required to use their personal cell phones for work purposes.  *See, e.g.*, *Castro*, 2017 WL 4682816, at *4–5 (holding that it was reasonable to assume monthly reimbursements in light of the allegation that defendants "regularly require[d]" personal cell phone use); *Anderson*, 2020 WL 7779015, at *4 (finding it reasonable to assume each putative class member could recover monthly reimbursements in light of the allegation that class members were required to be reachable via their personal cell phones at all times).

33.  Nevertheless, for purposes of this notice of removal, Amazon will assume that reimbursements were owed in only 90% of the months worked by the already narrowed class of hourly, non-exempt employees who worked across Amazon Delivery Stations from December 30, 2017 through December 30, 2021.

---

[2] The statute of limitations for an action under Labor Code section 2802 is three years.  Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 2802.  Amazon denies that Plaintiff's claim for violation of the Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, extends the class period to four years.  However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that she and the putative class members are "entitled to restitution for all unpaid amounts due and owing to [them] within four years of the date of the filing of the Complaint."  Cooney Decl., Ex. B, Compl. ¶ 87.

34. According to Amazon's records, during the period of December 30, 2017 through December 30, 2021, Amazon employed at least 74,280 hourly, non-exempt employees across its Delivery Stations in California. Prather Decl. ¶ 3(c). Over that time period, those 74,280 employees worked an aggregate of 512,672 months. *Id.* ¶ 3(d).

35. Thus, based on Plaintiff's allegations, and for purposes of demonstrating CAFA's amount in controversy requirement only, Amazon bases its calculation on an assumption of $10 per month for these 74,280 employees for at least 90% of those five-hundred thousand plus months. *See* Cooney, Decl. Ex. B, Compl. ¶ 15 (purporting to represent all Amazon employees in California); *see also, e.g.*, *Anderson*, 2020 WL 7779015, at *3 (pointing to the "additional measure" defendant had taken to lower its amount in controversy calculation as a basis for finding the estimate reasonable).

36. Accordingly, if Amazon were required to pay just these 74,280 employees, which is a fraction of the putative class Plaintiff purports to represent, *see, e.g.*, Cooney Decl., Ex. B, Compl. ¶ 15, Plaintiff's reimbursement claim alone puts at least $4,614,048.00 in controversy, exclusive of attorneys' fees, as shown and calculated below.

| **Amount of Reimbursement Claim in Controversy** | |
|---|---|
| (December 30, 2017 through December 30, 2021) | |
| Assumed monthly reimbursement rate | $10.00 |
| Number of non-exempt employees across Amazon's Delivery Stations in California | 74,280 |
| Aggregate number of months worked by these employees | 512,672 |
| Conservative estimate of months in which reimbursements were owed (512,672 x 90%) | 461,404.80 |
| Amount in controversy for section 2802 claim ($10.00 monthly reimbursement assumption x 461,404.80 months) | **$4,614,048.00** |

**2.    Plaintiff's Request for Attorneys' Fees Places an Additional $1.1 Million in Controversy**

37. In addition, Plaintiff requests "[r]easonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5." Cooney Decl., Ex. B, Compl. ¶ 88; *see also* Cal. Lab. Code § 2802(c) ("For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."). "[W]hen a statute or contract provides for the recovery

of attorneys' fees, prospective attorneys' fees *must* be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922 (emphasis added). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases." (quoting *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *4 (N.D. Cal. Aug. 8, 2008))); *Lucas v. Kors*, 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018) (collecting cases applying a 25% benchmark in CAFA wage and hour cases). And district courts have previously applied a 25% benchmark in determining attorneys' fees for purposes of the amount in controversy in reimbursement cases. *See, e.g.*, *Anderson*, 2020 WL 7779015, at *4 (finding 25% to be a reasonable benchmark for attorneys' fees for plaintiff's reimbursement claims); *Vallejo*, 2021 WL 2685348, at *6 (same).

38.     Here, Amazon has established that the amount in controversy is *at least* $4,614,048.00 for Plaintiff's expense reimbursement claim alone, and Plaintiff has not indicated that she will seek less than 25% of a common fund in attorneys' fees. *See* Cooney Decl., Ex. B, Compl., Prayer for Relief (seeking attorneys' fees). Indeed, Plaintiff Guerrero's counsel has sought (and received) more than 25% in attorneys' fees in previous wage and hour cases. *See, e.g.*, *Arrington v. Optimum Healthcare IT, LLC*, 2018 WL 5631625, at *9–11 (E.D. Pa. Oct. 31, 2018) (order approving Plaintiff's counsel's request for 33.33% in attorneys' fees in a wage and hour class and collective action); *Tijero v. Aaron Brothers, Inc.*, 2013 WL 60464, at *3 (N.D. Cal. Jan. 2, 2013) (seeking 33% in attorneys' fees in a wage and hour class and collective action); *Young v. Polo Retail, LLC*, 2007 WL 951821, at *5, *8 (N.D. Cal. Mar. 28, 2007) (order granting Plaintiff's counsel's request for 31% in attorneys' fees in a wage and hour class action). Amazon denies that any such attorneys' fees are owed to Plaintiff or putative class members, but relies on Plaintiff's allegation that she will be entitled to attorneys' fees for purposes of this jurisdictional analysis.

39.     Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding alleged section 2802 violations alone results in estimated attorneys' fees of approximately $1,153,512.00 calculated as follows:

| Estimated Amount in Controversy from section 2802 Claim: | $4,614,048.00 |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees in Controversy: | **$1,153,512.00** |

### 3. Amazon Has Satisfied Its Burden Under CAFA and No Exception Is Applicable

40. In summary, Plaintiff's allegations regarding unreimbursed cell phone expenses under California Labor Code section 2802 places at least $4,614,048.00 in controversy. Plaintiff's request for attorneys' fees places an additional $1,153,512.00 in controversy. In total, Plaintiff's cause of action under section 2802, including attorneys' fees, places at least **$5,767,560.00** in controversy. This figure underestimates the total amount placed in controversy by Plaintiff's Complaint because it is based on conservative assumptions about Plaintiff's putative class allegations because it excludes (1) all potential expenses owed to Amazon employees who worked in California since December 30, 2021; (2) any potential expenses owed to Amazon's California employees who worked in exempt positions; (3) any potential expenses owed to Amazon's non-exempt employees who worked at facilities other than Delivery Stations throughout California; and (4) any potential recovery for failure to provide meal periods (First Cause of Action), failure to provide rest periods (Second Cause of Action), failure to pay hourly wages (Third Cause of Action), failure to provide wages upon separation of employment (Fourth Cause of Action), failure to provide accurate wage statements (Sixth Cause of Action), or violation of unfair competition law (Seventh Cause of Action).

41. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

42. Because Amazon has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to prove that an exception to CAFA removal applies and justifies remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden as no exceptions apply to this action. Amazon expressly reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

### III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

43. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a) This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

   b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

   c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

   d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

44. The United States District Court for Northern District of California is the federal judicial district in which the San Francisco County Superior Court sits. This action was originally filed in the San Francisco County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).

45. True and correct copies of all process, pleadings, and orders served upon Amazon and/or filed in the state court, including the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice to Plaintiff, (e) Proof of Service of Summons on Amazon, and (f) Court Order Denying Complex Designation For Failure to File Application Requesting Designation, are attached as Exhibits A–F to the Cooney Declaration filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

46. Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: February 24, 2022

                    MEGAN COONEY
                    HELEN AVUNJIAN
                    JORDAN E. JOHNSON
                    GIBSON, DUNN & CRUTCHER LLP


                    By:   */s/ Megan Cooney*
                                    Megan Cooney

                    Attorneys for Defendants
                    GOLDEN STATE FC LLC (now known as
                    Amazon.com Services LLC), AMAZON.COM
                    SERVICES LLC, and AMAZON.COM, INC.